**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 9, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAWRENCE PAUL MAI,

Defendant - Appellant.

No. 08-6016

(W.D. Oklahoma)

(D.C. No. 5:07-CR-00060-D-1)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant and appellant Lawrence Paul Mai pled guilty to one count of

traveling in interstate commerce for the purpose of engaging in illicit sexual

conduct with a person whom he believed to be a fourteen-year-old girl, in

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

violation of 18 U.S.C. § 2423(b) and (e).  He was sentenced to 135 months' imprisonment, at the bottom of the advisory sentencing range under the United States Sentencing Commission, Guidelines Manual ("USSG") (2006), followed by five years of supervised release.  Mai appeals his sentence, which we affirm.

## BACKGROUND

In January 2007, Mai, using the screen name "daddy_needs_slave," began chatting online with a person using the screen name "ok_divagirl14."  During their first online chat, ok_divagirl14 identified herself as a fourteen-year-old girl living in Walter, Oklahoma.  In fact, ok_divagirl14 was an adult member of "Perverted Justice," a group of civilian volunteers working with the Walters, Oklahoma, Police Department to target online sexual predators.  Throughout the online chat sessions between daddy_needs_slave and ok_divagirl14, Mai indicated various sexual acts he would like to perform with ok_divagirl14.

Furthermore, during one of the chats, Mai asked ok_divagirl14 if he could bring his camera because he wanted to take pictures of her on her hands and knees.  Mai subsequently asked if he could take pictures of ok_divagirl14 while she was naked.  She indicated he could, provided Mai did not show them to anyone else.  Mai then made arrangements to meet ok_divagirl14 at her house in early February 2007.

On February 3rd or 4th, Mai drove from Salina, Kansas, to Walters, Oklahoma, to meet ok_divagirl14 at her house. Mai and ok_divagirl14 apparently conversed by phone several times during Mai's drive to Oklahoma. At approximately 1:00 a.m. on February 4th, Mai was observed driving by ok_divagirl14's residence several times. Walters' Police Department officers and members of the Federal Bureau of Investigation stopped Mai's vehicle and arrested him.

Mai was interviewed following his arrest, and he admitted that he was the individual chatting under the screen name daddy_needs_slave. He further admitted that he traveled from Kansas to Oklahoma with the intent to engage in sexual activity with what he believed was a fourteen-year-old girl, and that he planned to record the activity with his digital camera. Mai conceded he had a previous sex offense conviction in Kansas involving travel to a minor's house with the intent to have sex with her, and that he was a registered sex offender.

As indicated, Mai pled guilty to a violation of 18 U.S.C. § 2423(b) and (e). Prior to sentencing, the United States Probation Office prepared a presentence report ("PSR"), in which it calculated an advisory sentence under the Guidelines. As the PSR stated, the applicable Guideline for a violation of 18 U.S.C. § 2423(b) is USSG §2G1.3, which provides a base offense level of 24. However, USSG §2G1.3(c)(1) provides that §2G2.1 applies by cross-reference "[i]f the offense involved causing, transporting, permitting, or offering or seeking by notice or

-3-

advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." USSG §2G2.1 provides for a base offense level of 32. Thus, the base offense level for Mai's offense was 32. With two separate 2-point enhancements because the offense involved a person that Mai believed was fourteen (USSG §2G2.1(b)(1)), and because Mai used a computer and an interactive computer service to "persuade, induce, entice, coerce, or facilitate" the participation of a minor in sexually explicit conduct (USSG §2G2.1(b)(g)(B)), Mai's base offense level increased to 36. Following a 3-point reduction for acceptance of responsibility, the PSR calculated a total adjusted offense level of 33. With Mai's criminal history category of I, the advisory Guidelines sentencing range was 135 to 168 months.

Mai objected to the PSR, and he filed a sentencing memorandum in which he argued that the cross-reference and the enhancements were improper because: (1) the case did not involve a "minor" as defined in the Guidelines; (2) there was no evidence that the offense involved "causing, transporting, permitting, or offering or seeking *by notice or advertisement*" to engage in sexual activity with the fictitious fourteen-year-old; (3) there is no evidence the offense involved the production of a visual depiction of "sexually explicit conduct"; and (4) both of the enhancements were improper, as no "minor" was involved.[1] The court

[1]While Mai argued generally that the district court erred in applying the 2-point enhancement for using a computer to entice a minor to engage in sexually
(continued...)

rejected his arguments and sentenced him to 135 months' imprisonment, at the

bottom of the advisory Guidelines range.  Mai appeals, arguing essentially the

same arguments he made before the district court—asserting that the application

of the cross-reference and the enhancements to increase his Guidelines sentencing

range was erroneous.


**DISCUSSION**

"Our appellate review of a defendant's sentence 'includes both a procedural

component, encompassing the method by which a sentence was calculated, as well

as a substantive component, which relates to the length of the resulting

sentence.'"  United States v. Sallis, 533 F.3d 1218, 1222 (10ᵗʰ Cir. 2008) (quoting

United States v. Smart, 518 F.3d 800, 803 (10ᵗʰ Cir. 2008)).  Mai "challenges only

the procedural reasonableness of his sentence, which requires proper calculation

of his Guidelines range."  Id. at 1222-23 (citing Gall v. United States, 128 S. Ct.

586, 597 (2007)).  More specifically with respect to procedural reasonableness,

"the Supreme Court has directed us in reviewing challenges to procedural

reasonableness, we must ensure

> the district court committed no significant procedural error, such as
> failing to calculate (or improperly calculating) the Guidelines range,
> treating the Guidelines as mandatory, failing to consider the

---

[1](...continued)
explicit conduct, he did not develop any specific argument to the district court
about it.

> § 3553(a) factors, selecting a sentence based on clearly erroneous
> facts, or failing to adequately explain the chosen sentence—
> including any explanation for any deviation from the Guidelines
> range.

United States v. Tindall, 519 F.3d 1057, 1063 (10th Cir. 2008) (quoting Gall, 128

S. Ct. at 597).  "We defer to the district court's application of the Guidelines to

the facts 'under an abuse-of-discretion standard.'"  Id. (quoting Gall, 128 S. Ct. at

597).  Furthermore, that abuse of discretion standard "consists of component

parts, affording greater deference to findings of fact (clearly erroneous) than to

conclusions of law (erroneous)."  United States v. McComb, 519 F.3d 1049, 1054

n.4 (10th Cir. 2007), cert. denied, 128 S. Ct. 1917 (2008).  "We have previously

explained the government must prove by a preponderance of the evidence any

findings necessary to support a sentence enhancement."  Tindall, 519 F.3d at 1063

(further quotation omitted).


**I. Cross-reference to USSG §2G2.1:**

Mai pled guilty to a violation of 18 U.S.C. § 2423(b) and (e), which

prohibits travel with the intent to engage in illicit sexual conduct.  As indicated,

the applicable Guideline for such an offense is USSG §2G1.3, which provides for

a base offense level of 24.  However, §2G1.3 includes a cross-reference to USSG

§2G2.1 "[i]f the offense involved causing, transporting, permitting or offering or

seeking by notice or advertisement, a minor to engage in sexually explicit conduct

for the purpose of producing a visual depiction of such conduct." USSG §2G1.3(c)(1). USSG §2G2.1, in turn, provides a base offense level of 32.

Mai argues the cross-reference does not apply to his sentence because (1) no "minor" was involved; (2) there was no evidence that he used a "notice or advertisement" to entice a minor to engage in sexually explicit conduct; and (3) there was no evidence that a visual depiction of sexually explicit conduct was made.

**A. Minor:**

The commentary to USSG §2G2.1 defines a "minor" as:

(A) an individual who had not attained the age of 18 years; (B) an individual, whether fictitious or not, who a law enforcement officer represented to a participant (I) had not attained the age of 18 years, and (ii) could be provided for the purposes of engaging in sexually explicit conduct; or (C) an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years.

USSG §2G2.1, comment, (n.1). Mai argues his offense did not involve a "minor" as defined in the advisory Guidelines because "[t]he adult female who represented herself to Mr. Mai as a 14 year old girl was not an undercover law enforcement officer," but rather "was a civilian member of "Perverted Justice." Appellant's Br. at 6.

The government responds that the Guidelines commentary specifically states that the cross-reference section, USSG §2G1.3(c)(1), is "intended to have broad application." USSG §2G1.3, comment. (n.2(A)). Furthermore, the

government contends that the PSR made a factual finding that the member of

"Perverted Justice" posing online as ok_divagirl14 was "working in concert with

the Walters, Oklahoma, Police Department targeting online predators," PSR at

¶ 4, R. Vol. 3, a finding to which Mai did not object. Under United States v.

Wolfe, 435 F.3d 1289, 1299 (10th Cir. 2006), outside of the United States v.

Booker, 543 U.S. 220 (2005) context, a court may rely "on . . . unobjected-to

facts for . . . sentencing purposes." Furthermore, at the sentencing hearing, the

district court specifically asked both the prosecution and defense counsel if "[i]t

[wa]s uncontroverted . . . that the adult volunteers with Perverted Justice were

working in concert with the Walter Police Department." Tr. of Plea and Sentence

at 21, R. Vol. 2. Defense counsel conceded that "at the end . . . the law

enforcement did become involved." Id. The court found by a preponderance of

the evidence that the cross-reference applied despite the fact that ok_divagirl14

was not actually a law enforcement officer disguised as a minor.

Neither party cites us cases which clearly support or refute the district

court's conclusion. Our court has stated, in a case involving an attempt to entice

a minor to engage in sexual activities, that "it is not a defense to an offense

involving enticement and exploitation of minors that the defendant falsely

believed a minor to be involved." United States v. Sims, 428 F.3d 945, 960 (10th

Cir. 2005). That proposition, along with the undisputed fact that, in this case, the

adult "Perverted Justice" volunteer was working with law enforcement, is

sufficient to convince us that the district judge correctly held that a preponderance of the evidence supports the application of the cross-reference, despite the fact that ok_divagirl14 was an adult civilian volunteer working in concert with law enforcement authorities, not a law enforcement officer.

**B. Notice or advertisement:**

Without citation to authority or the development of any argument, Mai merely asserts that "[t]here is no evidence that Mr. Mai posted any type of notice or advertisement in either the private computer messages exchanged between himself and the volunteer posing as a 14 year old girl or on any mailings, websites or any other public place." Appellant's Br. at 6. We accordingly consider this argument essentially waived. See, Fogarty v. Gallegos, 523 F.3d 1147, 1155 (10th Cir. 2008) (noting that issues not pursued in briefs are deemed waived).

**C. Production of visual depiction:**

Mai argues the cross-reference is inapplicable to him because there was no evidence of the production of any visual depiction of sexually explicit activities, inasmuch as no photographs were taken. He further argues that the references to taking "naked pictures" in the online chats between daddy_needs_slave and ok_divagirl14 were insufficient to qualify as sexually explicit conduct.

USSG §2G2.1 defines "sexually explicit conduct" as meaning actual or simulated "sexual intercourse, including genital-genital, oral-genital, anal-genital,

or anal-anal," as well as "bestiality," "masturbation," "sadistic or masochistic abuse"; or "lascivious exhibition of the genitals or pubic area of any person." USSG §2G2.1, comment. (n.1) (referencing 18 U.S.C. § 2256(2)). The government presented at sentencing evidence of conversations between daddy_needs_slave and ok_divagirl14, as well a report of an interview of Mai by the FBI on the day of his arrest, in which he admitted that he brought sexual toys and a digital camera to record sexual intercourse with what he believed was a fourteen-year-old girl.

> The district court found:
>
> by a preponderance of the evidence as reflected in [the government's exhibits] that the defendant solicited and inquired about taking photographs of the person he believed to be a 14-year-old girl, asked if he could bring his camera, stated that he wanted to take pictures of the girl on her hands and knees, and in a later email the following day the defendant requested to take naked photographs, . . . that a request to take naked photographs of a 14-year-old girl on her hands and knees meets the definition of sexually explicit conduct.

Tr. of Plea and Sentencing at 24-25, R. Vol. 2. The court also found, relying on United States v. Veazey, 491 F.3d 700 (7th Cir. 2007), that the cross-reference "was properly applied where one of the purposes of a defendant was to create a visual depiction of sexually explicit conduct." Tr. of Plea and Sentencing at 23. In Veazey, as in this case, it was of no moment that no pictures were actually created because the defendant was intercepted prior to his planned rendezvous

with what he thought was a minor.  The record amply supports the district court's conclusions.

## II.  Enhancements pursuant to cross-reference:

Finally, Mai argues the district court erred in applying two enhancements pursuant to the cross-reference to USSG §2G2.1.  One enhancement applies if the offense involves a minor between the ages of twelve and sixteen (USSG §2G2.1(b)(1)(B)) and the other if a computer or interactive device was used to solicit participation by a minor in sexually explicit conduct (USSG §2G2.1(b)(6)(B)).  Mai makes the same argument about the involvement of a minor as he did above in connection with the application of the cross-reference, and we reject the argument for the same reasons stated above.  He develops no argument about the use of a computer and, on the facts of this case, such an argument would be difficult to support.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence imposed in this case.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge